## BOZMAN et al v. DRAUGHAN, Executor.

1. Where a conveyance is made with intent to hinder or delay a creditor in the collection of his debt, it is void as against the creditor, although on valuable consideration.

2. Great inadequacy of price, though in general not of itself sufficient evidence of fraud in equity, yet when coupled with other circumstances, is strongly indicative of it.

3. Where notes were transferred fraudulently to a third person, the proper decree in favor of a creditor against the fraudulent holder is for an account of the amounts received, and the proceeds of the notes themselves; but not for the nominal amount of them on the supposition that they will be collected.

4. The decree cannot embrace matter not charged in the bill, although warranted by the proof.

ON the 27th September, 1824, James H. Draughan, executor of Robert Draughan, deceased, filed his bill in Chancery against Daniel Bozman, Philemon Bozman and Jacob Hollingsworth, in Monroe Circuit Court. The complainant in his bill charges, that at the April term next preceeding, he recovered as executor, a judgment against Daniel Bozman for upwards of $3000, and against Philemon Bozman as his security for a lesser sum; that Daniel Bozman is the owner of four quarter sections of land, on which only one fourth of the purchase money had been paid to the government; and that he is the proprietor of sundry recoverable demands, which had been transferred to Jacob Hollingsworth, for the purpose of defeating the complainant in the collection of his judgment. The bill also contains an allegation with regard to a negro slave, and a mare and colt, as being fraudulently conveyed from Bozman to Hollingsworth, but which by order of Court was stricken therefrom, so that the right thereto might be tried at law. Process of subpœna is prayed against Daniel and Philemon Bozman, and against Hollingsworth. The bill was taken *pro confesso* as to Daniel Bozman, but as to Philemon there was no order for taking the bill for confessed; nor does it appear from the record that any of the parties have been served with subpœnas.

Hollingsworth answered the bill, and states that he is the father-in-law of Daniel Bozman, and denies that the recoverable demands which are charged in the complainants bill, as due by notes and book account have been fraudulently transferred to him by Daniel Bozman. He states that in February, 1824, he sold to Daniel Bozman, three quarter sections of land at eight dollars per acre, which he insists was its fair value, and that the contract was not

made with the view of defrauding any one, that only one fourth of the purchase money was paid to government, which amounted to upwards of fifty and less than seventy-five cents on the acre, but that he was to pay the residue notwithstanding the sale by him. The respondent further states, that he has collected between four and five hundred dollars of the notes and accounts received, and of those uncollected, he will not be able to collect more than one half.

Much testimony was taken by the defendant, from which these conclusions may be drawn; that in February, 1824, Bozman transferred to Hollingsworth his notes and books of accounts, amounting to more than one thousand dollars, and at the same time delivered him a mare and colt, and twenty-two head of cattle, which composed his entire stock of horses and cattle. In consideration of which, Hollingsworth transferred to Bozman the certificates for three quarter sections of land, on which only one fourth of the price had been paid to the government. It appears that in February, 1824, and both before and after, there was much land in the vicinity of the parcel sold by Hollingsworth to Bozman, and of a quality greatly superior, subject to entry at one dollar and twenty-five cents per acre, and when the sale was made to Bozman, the lands sold him, if graduated by the market value of those in their vicinity, would not have commanded the minimum government price. It further appears, that by the transfer by Bozman of his notes, &c., he divested himself of all his estate, which either by garnishment or *fieri facias* could have been subjected to the satisfaction of the complainants judgments.

The Court below without making any disposition of the bill as to Philemon Bozman, at October term 1828, decreed that the complainant recover of Jacob Hollingsworth, the sum of five hundred dollars, the amount collected from the notes, &c., transferred to him by Daniel Bozman; the sum of two hundred and fifty dollars, being one half of the uncollected notes, &c., and which were deemed good, and the further sum of one hundred and thirty-two dollars, the price at which Hollingsworth received of Bozman the cattle, with interest, &c.

To reverse this decree the respondents sued out their writ of error to this Court.

Parsons and Cooper, for the appellants.

Bagby, for the defendant in error.

By JUDGE COLLIER. The merits of this case are embraced in a very small compass. The only inquiry that need be made, is whether the transaction between Hollingsworth and Bozman, as exhibited by the proof, is fraudulent, or is accompanied by good faith, and sustained by a valuable consideration on the part of Hollingsworth. It is not enough that the notes, &c., were received by him as a consideration for the land conveyed, unless they were received without any design to delay or defeat the payment of the defendant's demand. If such was his purpose and intention, the receipt of Bozman's property was iniquitous and fraudulent, in as much as it was contributing his assistance to delay or defeat the defendant in enforcing a collection of his judgment, either by garnishment against the debtors of Bozman, or execution against his estate. That the transaction must have been *bona fide* as well as upon a valuable consideration, in order to receive the approbation of law, is a rule sustained by indisputable authority.[a]

[a] 1. Burr. 474; Cowp. 434; 8 Taunton 678; 8 Johns. Rep. 446; 7 Serg. and Rawle 89.

Fraud, it is said, is the judgment of the law upon facts and intents,[b] and will not be gratuitously presumed. What are the facts which the proof offers for our consideration? They are briefly these; the father-in-law negotiates with the son-in-law on terms of friendship for the sale of lands on an advance of five hundred per cent on their market value, at a time too when judgments are expected soon to be obtained against the son-in-law for an amount beyond what his estate is worth. He receives in return all the property of the son-in-law, even that which is essential to the maintenance of his family. The title to the lands transferred is so situated, that they can only be sold under a decree in equity, and by the time a suit for that purpose could be brought to a close, they would in default of payment of the residue of the purchase money, have reverted to the government. These facts require no comment; when combined, they are evidence irresistible that Hollingsworth lent his agency to Bozman to enable him to delay or defeat the payment of the complainant's demand.

[b] 1 Burr. 396.

Let it not however be inferred that the great disproportion in value between the lands conveyed by Hollingsworth and the notes, &c., received by him, have induced the conclusion that the transaction is fraudulent. It has been repeatedly ruled by this Court, that inadequacy of consideration is not of itself presumptive evidence of

JULY 1830.

Bozman et al
v.
Draughan.

fraud, unless the disparity be so great as to force the mind to conclude that the transaction must have been conceived or consummated with a fraudulent intent. But when coupled with other circumstances, it may be considered as evidence of fraud. With this rule we are satisfied, and are not inclined, were we called on, to depart from it.

Though the transaction between Hollingsworth and Bozman is a fraud upon Bozman's creditors, we yet believe that the decree of the Court below is erroneous. 1. In decreeing the payment of two hundred and fifty dollars to the defendant, the half of the uncollected notes, &c., in the hands of Hollingsworth. 2. In decreeing the payment of one hundred and thirty-two dollars, the price of the cattle shewn by the proof to have been delivered by Bozman to Hollingsworth.

With regard to the uncollected notes and accounts, the Court should have made an interlocutory decree directing them to be delivered to the master, and an account to be taken by him of the sums collected between the time of the coming in of Hollingsworth's answer, and the taking of the account, or else a decree in some form by which the notes, &c., would have been secured for the satisfaction of the defendant's judgments. No absolute decree could be rendered for the sum expected to be realized from their collection. The defendant could only be placed in the situation of Hollingsworth, and derive only the benefit which he was to derive from the contract.

For the price of the cattle, there could be no decree in favor of the defendant, though the proof may shew that he would be entitled to them or their proceeds. There is no allegation in the defendants bill with regard to them, and he can not subject to the satisfaction of his judgments,

a 2. Bibb 26.

what he does not claim by his bill.[a] If the defendant would subject them, he must amend his bill.

Having examined the case upon its merits, the result of our conclusion is, that the decree should be reversed and the cause remanded at the costs of the plaintiff Hollingsworth.

Reversed and remanded.

JUDGE LIPSCOMB presided below and did not sit.