23 669
98 598

23 669
129 599

23 669
132 168

## SANDFORD vs. OCHTALOMI.

1. When the defendant in execution files a bill to redeem, he must allege in his bill that he delivered possession to the purchaser without suit, or that the latter consented to his retention of possession as tenant.
2. Relief cannot be granted beyond the allegations of the bill, even when there is ample evidence to justify it.

ERROR to the Chancery Court of Barbour.

The record does not show the name of the Chancellor who presided.

DAVID OCHTALOMI filed his bill for the redemption of his interest in a certain lot of land situated in the town of Glennville, which had been sold under execution by the sheriff of Barbour on a judgment at law against complainant. The bill alleges

that the land was purchased at the sale by Thomas Flournoy, for the sum of $40, and was afterwards by him sold and conveyed to the defendant, Adolphus M. Sandford; that complainant, being desirous of redeeming said land, tendered to said Sandford, on the 3d April, 1851, the amount of the purchase money, " with $5 interest, being at the rate of ten per cent. per annum on said principal sum," with all other lawful costs and charges incurred by the purchaser or defendant about the premises, together with the cost of a re-conveyance, and demanded a re-conveyance of the premises, which defendant refused. The bill also makes the same tender in court.

The defendant being served with subpœna, and having failed to answer, a decre *pro confesso* was taken against him, and the cause was finally heard on the bill and decree *pro confesso.*— The Chancellor decreed a re-conveyance to complainant, and ordered a reference to the master, to ascertain what rents had accrued from the time of the sheriff's sale to the taking of the account; and the master having reported such rents to be $86 60, a money decree was also rendered against defendant for $40 60, and execution awarded for that sum, and also a writ of *habere facias possessionem.*

The defendant prosecutes a writ of error from this decree, and here assigns it for error.

P. T. SAYRE, for plaintiff in error.

E. C. BULLOCK, *contra.*

LIGON, J.—The decree in this case cannot be sustained for two reasons: first, because the allegations of the bill are not sufficient to entitle the complainant to the relief he seeks; and, second, because the relief granted by the decree extends beyond that which the allegations of the bill will justify.

1. By the first proviso to the fifth section of the act " to prevent the sacrifice of real estate," (Clay's Dig. 503 § 5,) it is enacted, "that the defendant in execution, if in possession at the time of the sale, shall deliver possession to the purchaser without suit." To entitle the defendant in execution to redeem, this fact should be distinctly charged in the bill, and must not be left to inference or conjecture. It is as essential to the equity of his bill under the statute, as either of the other facts

required by it to entitle him to relief. A bill which failed to aver a tender, and that such tender was made within two years from the sale of the premises, would not, we presume, be entertained for a moment; and yet these are not more positively required by the statute than a surrender of the possession without suit by the defendant in execution.

It is true, the actual surrender may be excused, if it is alleged that the purchaser consented that the defendant in execution might retain possession as his tenant; but then this must appear by the bill, and, if denied, must be proved, before any relief will be granted.

2. There are no allegations in this bill which would authorize the Chancellor to take an account between the parties, except as to the amount of money necessary to redeem the premises.— It is true the complainant alleges that he tendered the sum required by law, and demanded a re-conveyance several months before the filing of the bill, and that it was refused by the plaintiff in error. But there is no allegation, any where to be found, from which it appears that the possession of the lot was changed on or after the sale by the sheriff; or that either Flournoy or the plaintiff in error ever received any rents, or that either of them ever was in possession by himself or tenant for a single hour. Under this state of the case there is no allegation in the bill to justify the taking an account of rents, or support a decree for the sum reported by the master to be due on that account.

The rule is, that no decree can be rendered which is not founded on an allegation in the bill, and this, notwithstanding there may be ample testimony to justify it.—Boazman *et al.* v. Draughan, ex'r, 3 Stew. 243 ; Borland v. Phillips, 3 Ala. 718; McKinley v. Irvine, 13 Ala. 681.

If this bill contained an allegation that the plaintiff in error held possession of the premises after a tender had been made as is required by the statute, it would, perhaps, be proper to take an account of rents accruing after that time. But the purchaser cannot, in any case, be made to account for rents accruing before the tender, except when he has made improvements for which the defendant in execution is bound to pay under the fifth section of the act above referred to, and then they are to be applied only as sets-off against such improvements. Should they

exceed the value of the improvements, no decree can be render-
ed for such excess.

As the defect in the bill may be supplied by an amendment,
if the facts of the case will justify it, the decree must be rever-
sed, and the cause remanded.