# Wood *v.* Craft.

*Bill in Equity by Vendor, for Rescission and Cancellation.*

1. *Inadequacy of consideration, as ground for setting aside conveyance.* A conveyance will not be set aside in equity, solely on the ground of inadequacy of consideration, unless the inadequacy is so great as to shock the conscience—so gross as to force the conviction that the transaction was not fair and *bona fide*.

2. *Duress and undue influence, as grounds for setting aside conveyance.* On the evidence shown by the record in this case, a conveyance of land by the complainant, procured by duress and threats on the part of her son, would be set aside in equity, if the contest were between them; but, as against the grantees and purchasers, who paid the reasonable value of the land, being the same price at which the complainant had offered to sell to other persons, the presumption arising from the due execution and acknowledgment of the deed is not overcome.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 2d December, 1885, by Mrs. Mary A. Wood, against Alex. Craft, Mrs. Angeline Craft, and W. T. Branham; and sought to set aside and cancel a conveyance of a tract of land, which the complainant had executed to Mrs. Craft and said Branham. The tract of land contained two hundred acres, and was the complainant's homestead at the time of the sale and conveyance. The agreed price was $1,000, of which $500 was paid in cash, and the note of said Craft and Branham taken for the residue, payable and paid in January, 1883. The deed was dated February 15th, 1882, and duly acknowledged by the grantor, on the day of its date, before a justice of the peace. The complainant sought by her bill to set aside this sale and conveyance, on the ground that she was coerced to sell the land, at a grossly inadequate price, by undue influence, duress and threats on the part of her son, Walter Wood, of which, as she charged, the defendants had notice, actual and constructive. The contract of sale was negotiated, on the part of the defendants, by said Alex. Craft, who bought a half interest in the land in the name of his wife, said Bran-

[Wood v. Craft.]

ham taking and paying for the other half. The defendants answered, alleging that they paid the full value of the land; that the complainant sold voluntarily; and that, if there was any duress, undue influence, or threats on the part of her son, they had no notice thereof. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

JNO. D. BRANDON, for appellants.—If this controversy was between the complainant and her son Walter, her right to the relief asked could not be denied or questioned; and if the defendants were in any way connected with the fraud, duress, or undue influence practiced by the son, or had knowledge of the acts constituting such fraud, duress, or undue influence, or had knowledge of suggestive facts calculated to excite inquiry, and which, if followed up, would have led to the discovery thereof, her right to relief against them is equally clear.—*Boney v. Hollingsworth*, 23 Ala. 698; *Waddell v. Lanier*, 62 Ala. 347; *Daniel v. Hill*, 52 Ala. 430; *Leeper v. Taylor*, 47 Ala. 222; *Gilbert v. Gilbert*, 22 Ala. 529; *Shipman v. Furniss*, 69 Ala. 555; 2 L. C. Equity, 1194, and cases cited; *Burgen v. Udall*, 31 Barb. 9; *Leverett's Heirs v. Carlisle*, 19 Ala. 80; 1 Story's Equity, § 308; *Brown v. Pierce*, 7 Wall. 205; *Baker v. Wharton*, 12 Wall. 250; *United States v. Huckabee*, 16 Wall. 414; *Hatter v. Greenlee*, 1 Porter, 227; *Balkum v. Breare*, 48 Ala. 75. There is in the case, also, the additional element of a grossly inadequate consideration.—*English v. Lane*, 1 Porter, 328; *Fuller v. Fuller*, 40 Ala. 304; *Burch v. Burch*, 3 Dess. 273; *Gordon v. Tweedy*, 71 Ala. 202; *Judge v. Wilkins*, 19 Ala. 765; 2 Bro. C. C. 167; 4 Dess. 693; 4 Barb. 376.

SHELBY & WALKER, *contra*, cited *Barnett v. Proskauer & Co.*, 62 Ala. 486; *Smith v. McGuire*, 61 Ala. 34; *Moog v. Strang*, 69 Ala. 98; *Vancleave v. Wilson*, 78 Ala. 387; 1 Add. Contracts, § 314, Morgan's ed.; Pomeroy's Equity, §§ 817, 965.

STONE, C. J.—It is contended for appellant that the consideration, one thousand dollars, paid for the land involved in this suit, is so disproportionate to its real value, as to require the sale to be set aside. To justify the setting aside of a conveyance solely on the ground of inadequacy of consideration, it must be very marked—so gross as to strike the un-

[Wood v. Craft.]

derstanding with the conviction that the transaction was not fair and *bona fide.*—*Pope v. Brandon,* 2 Stew. 401; *Bozeman v. Draughan,* 3 Stew. 243; *Borland v. Mayo,* 8 Ala. 104; *Maull v. Vaughan,* 45 Ala. 134; *Bunch v. Hurst,* 3 Dess. 273; *Butler v. Haskell,* 4 Dess. 651; *Neilson v. McDonald,* 6 John. Ch. 201; *Drum v. Chambers,* 4 Barb. 376; *Garlside v. Isherwood,* 1 Brown, C. C. 558; *Heathcote v. Paignon,* 2 *Ib.* 167. In *Underhill v. Norwood,* 10 Ves. 211, Lord Eldon said: "If the terms are so extremely inadequate as to satisfy the conscience of the court that there must have been imposition, or that species of pressure on the party's distress, which, in the view of the court, amounts to oppression, the court will order the instrument to be delivered up." This is a very accurate statement of the principle.

Testimony as to the value of the property, such as this, is in its nature opinion evidence. There is, perhaps, no subject on which witnesses differ more widely. The testimony fails to convince us that the cash market value of the land, at the time the sale was made, exceeded twelve hundred dollars, if indeed it reached so much. The testimony tends strongly to show that one thousand dollars was the highest price that could be obtained for it. The inadequacy of price is not so marked as to justify us in setting aside the sale on that ground.

The doctrine of presumed undue influence, growing out of confidential relations, is invoked by appellant in this case. That doctrine has been maintained by this court in all its integrity.—*Juzan v. Toulmin,* 9 Ala. 662; *Boney v. Hollingsworth,* 23 Ala. 690; *Thompson v. Lee,* 31 Ala. 292; *Daniel v. Hill,* 52 Ala. 430; *Dickinson v. Bradford,* 59 Ala. 581; *Waddell v. Lanier,* 62 Ala, 347; *Shipman v. Furniss,* 69 Ala. 555; *Noble v. Moses,* 81 Ala. 530; *Fish v. Miller,* 1 Hoff. Ch. 267; *Riddle v. Murphy,* 7 Serg. & R. 230; *Voltz v. Voltz,* 75 Ala. 555; *Bergen v. Udall,* 31 Barb. 9. We think, however, this case must be decided on other principles.

There is much testimony in this record tending to show that Mrs. Wood, the complainant, did not willingly part with her lands, but that she did so under duress, at the hands of her son. The proof on this point is very strong, and shows not only great depravity on the son's part, but shows equally that, both in conduct and words, he terrorized his mother; and put her in great fear of personal violence,

[Wood v. Craft.]

if she did not sell and convey the land. This feature of the case is well made out.—Lead. Cases in Eq. (4th Ed.), vol. 2, pt. 2, 1245 *et seq.*; *Brown v. Pierce*, 7 Wall. 205; *Baker v. Morton*, 12 Wall. 150; *U. S. v. Huckabee*, 16 Wall. 414. If this were a controversy between mother and son, we would not hesitate to vacate any deed he may have obtained under such influences.

The present controversy is between Mrs. Wood and Craft and Branham, purchasers from her. They are not akin to her, nor to her son. They present a deed of bargain and sale from her to them, in usual form, duly executed, acknowledged before a magistrate, and certified in statutory language, "that being informed of the contents of the conveyance, she acknowledged she executed the same voluntarily." The purchase-money, one thousand dollars, was paid, and she moved off the premises. There is testimony in the record, to the effect that Mrs. Wood informed Craft, while the trade was being negotiated, that she did not wish to sell the land; and there is also testimony tending to show that Craft, before purchasing, knew that Mrs Wood was making the sale through fear of her son, inspired by his threats. This, however, is most positively contradicted, and many circumstances are testified to, which very materially impair the testimony given for complainant. Of these circumstances, we mention the following: Two witnesses testify that, before the sale was made to Craft and Branham, Mrs. Wood proposed to them separately to sell them the land, asking one thousand dollars for it. A third witness, a land-buyer on speculation, or as an investment, hearing the land was for sale, examined it with a view to its purchase, but was not willing to give one thousand dollars for it, although he thought it was worth twelve hundred. He wanted a better paying speculation. The magistrate, who certified the deed, wrote it, Mrs. Wood being present. He saw no evidence of coercion by the son, or of reluctance or hesitancy on the part of Mrs. Wood. We consider the testimony insufficient to overturn the presumption arising from the execution and acknowledgment of the deed.—*Barnett v. Proskauer*, 62 Ala. 486; *Smith v. McGuire*, 67 Ala. 34; *Moog v. Strang*, 69 Ala. 98; *Vancleave v. Wilson*, 73 Ala. 387; *Miller v. Marx*, 55 Ala. 322; *Smith v. Coleman*, *Ib.* 368.

Affirmed.