[McCaskill v. Scotch Lumber Co.]


# McCaskill *v.* Scotch Lumber Co.

*Bill to Cancel Contract.*

(Decided July 13, 1907.   44 South. 405.)

*Cancellation of Instrument; Evidence.*—The evidence in this case stated and examined and held not to show that defendant's representative deceived complainant when the contract was made, or tell him that defendant would not deed him the land unless complainant conveyed the timber.

APPEAL from Clarke Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Grant McCaskill against the Scotch Lumber Company to cancel a timber contract between the two. From a decree dismissing complainant's bill, complainant appeals. Affirmed.

W. D. DUNN, and WILSON & ALDRIDGE, for appellant. —The price paid for the timber and its true value is so greatly disproportionate as to constitute presumptive fraud.—*Juzan v. Toulman,* 9 Ala. 684; 85 Ala. 260. Under the facts presented by the bill the proof rests upon the party who seeks to enforce the contract, to show that it was obtained without any advantage being taken of the other party.—Pom. Eq. 928; *Cannon v. Gilmer,* 135 Ala. 302; *Maull v. Vaughan,* 45 Ala. 134. Relief is granted for inadequacy of consideration, not for that reason alone, but as an evidence of fraud.—*Wood v. Craft,* 85 Ala. 260; Bishpam's Eq. (6th Ed.). Counsel discuss the evidence but cite no authority.

GUNN & TUCKER, for appellee.—Counsel discuss the evidence and contention of the appellant, but cite as authorities to support the decree of the chancellor.—*Wood*

*v. Craft,* 85 Ala. 263; *Stevenson v. Atlas Coal Co.,* 41 South. 301; *Smith v. Collins,* 41 South. 825; 2 Pom. Eq. §§ 927-929. It does not appear from the decree that any ruling was made with respect to the evidence.—*Sellers v. Farmer,* 41 South. 291.

HARALSON, J.—The bill seeks to cancel a timber contract executed by complainant, Grant McCaskill, to the Scotch Lumber Company, the defendant, on account of inadequacy of price and ignorance of complainant of his rights at the time of the execution of the agreement. The contract is set out as an exhibit, and shows that defendant owned, at one time, the 360 acres of land described in the bill, and that on the 27th of November, 1896, they executed and delivered to complainant a written contract for the sale of said lands, for $720, or $2 per acre, payable in specific amounts, on the 1st of January of each year, for several years thereafter, the deferred payments to bear interest at 8 per cent. per annum from date. A deed of conveyance was to be made to complainant on the payment in full of the purchase money. It contained, also, the stipulation, "that the payment of the said several sums of money shall be a condition precedent to the execution and delivery of the deed of conveyance aforesaid; that if any default be made in fullfilling this agreement, or any part thereof, said Scotch Lumber Company, or their legal representatves, may consider this agreement of no effect and annulled, and dispose of said said land or otherwise as though this agreement had never been executed."

In *Wood v. Craft,* 85 Ala. 260, 4 South. 649, the law on the subject of setting aside a conveyance solely on the ground of inadequacy of consideration, is as follows: "Such inadequacy must be very marked—so gross as to

[McCaskill v. Scotch Lumber Co.]

strike the understanding with the conviction that the transaction was not fair and bona fide."

In *Juzan v. Toulmin,* 9 Ala. 686, 44 Am. Dec. 448, the court said: "Mere inadequacy of price, or other inequality in the bargain, is not, it is said, to be understood as constituting per se a ground to avoid a bargain, in equity. Courts of equity as well as courts of law, act upon the ground, that every person, who is not, from his peculiar condition or circumstances, under disability, is entitled to dispose of his property in such manner, and upon such terms as he chooses; and whether his bargains are wise and discreet or otherwise, profitable or unprofitable, are considerations not for courts of justice, but for the party himself to deliberate upon. Where however, the inadequacy is such as to demonstrate some gross imposition, or undue influence, or, to use an expressive phrase, shock the conscience, and amount in itself to conclusive and decisive evidence of fraud,.equity ought to interfere."—*Stephenson v. Atlas Coal Co.,* 41 South. 301; *Smith v. Collins,* 41 South. 825.

The complainant alleges that he is about 70 years old and ignorant of business; that on the day the deed of defendant was executed, one Harrigan, who represented the company, stated and insisted that the company was entitled to the timber on said land, and refused to execute a conveyance to him, unless he would execute to the company a contract for said timber; that he was ignorant of his rights in the premises, and believing the statement, made by said Harrigan was true, and that he (complainant) could be compelled to do so, he executed the paper attached to the bill as Exhibit C, which was a conveyance of "all the timber 10 inches at stump and upward now upon or growing upon said lands," and the company was to have five years from the date of the contract in which to remove said timber.

The respondents in answer aver, that the conveyance of said timbers to them was a part payment of the purchase price of said lands; that Geo. P. Hannon was the manager of the respondent company prior to March 6, 1902; that at that date complainant owed defendant $419.20, which amount was paid in small sums at different dates, except $85.96, which was the balance remaining unpaid, on January 1, 1903, which balance by the 26th of December, 1903 he paid; that on the 6th of March, 1902, said Geo. P. Hannon sold out the defendant company to W. D. Harrigan, as manager of same, but kept the books of said company until September, 1902, when Alex Manes took charge of them; that the interest on the deferred payments for said land, as provided in the contract, was paid up to January 1st, but after that date, complainant paid no interest thereon, except to execute the contract of which Exhibit C is a copy; that this contract was executed by him, on the 6th of January, 1904, in consideration of defendant remitting to him any and all interest that he might owe on the land transaction, after Harrigan became the manager, and a statement was rendered to him of the amount. It is also denied, that Harrigan insisted that the company had the right to the timber, except as above stated; denied that it refused complainant a deed to the land, and that complainant was ignorant of his rights, or that Harrigan, who was acting for defendant in the matter, made any statement to complainant at the time by which he could have been deceived, or was deceived. The averments of the bill as to complainant's ignorance of his rights, and the alleged deceit practiced on him by the agent of the company, are fully and specifically denied.

It is alleged by complainant that the timber covered by Exhibit C was worth $500 or $1,000. This is denied,

[McCaskill v. Scotch Lumber Co.]

and it is averred by defendant that the price paid was fair and adequate.

The testimony of the complainant himself tends to support the averments of his bill, but it is largely overborne by defendant's evidence. Complainant states the names of two persons—Harrigan and Manes—and also Smith, the justice of the peace who took the acknowledgment, who were present when he executed the conveyance. These persons were examined, and testified in denial of complainant's allegations and evidence, and in full support of the averments of the answer. The record is lengthly and it would consume much time to repeat the evidence of these witnesses. It is perhaps sufficient to say, that they deny the statement that complainant was told that the company would not make him a deed to the land, unless he executed to them a conveyance to the timber on the land.

The evidence tended to show that the value of the timber is not over $150, and at the time of the conveyance it was valueless; that the lands had been cut over two or three times, and nothing remained but small pines, unfit for mercantile lumber.

The chancellor rendered his decree, that complainant was not entitled to relief, and dismissed the bill. We have been unable to discover that he erred in so doing.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.