200 So. 422

**WACHTER v. LEETH NAT. BANK et al.**

6 Div. 732.

Supreme Court of Alabama.

Jan. 16, 1941.

Rehearing Denied Feb. 27, 1941.

Griffith & Entrekin, of Cullman, for appellant.

W. E. James and Herman J. Stewart, both of Cullman, for appellees.

**FOSTER, Justice.**

This is a suit in equity begun by appellant, a married woman, whose purpose is to have cancelled two mortgages executed by her on her real estate, on the ground that they were given to secure the debt of her husband. As amended, the bill seeks to exercise the statutory right of redemption, not by virtue of the foreclosure of the mortgages, but on account of a register's sale to appellee under authority of another transaction, wherein a materialman obtained a decree in equity enforced by such sale. The mortgages involved were foreclosed under their power after suit was filed.

The court found and decreed that the mortgages were given to secure complainant's personal debt and were valid: that they were foreclosed before the register's sale, and that at the time of the latter sale appellant had no interest in the property except the statutory right to redeem from the mortgage sales, and that such right was not subject to sale by the register, and there was nothing to be redeemed.

This reasoning would be complete if the sales were under execution, and not in the nature of the enforcement of a lien otherwise existing than by a levy of the execution, since the statutory right of redemption is not subject to levy and sale under execution. Section 10156, Code; Section 7806(3), Code. But since the register's sale was to enforce a lien, the situation is different. If the foreclosed mortgages have precedence over the lien enforced by the register's sale, that sale would stand as the enforcement of an inferior lien. But if it has precedence over the mortgages, the foreclosure sale is as of an inferior lien, not dependent upon the date of the respective sales, but dependent upon the respective superiority of the liens.

Whether we treat the mortgages as superior or inferior to the lien of the register's sale, and suppose them to be valid, until the right to redeem from their foreclosure is barred, complainant could redeem from the register's sale. If we treat the mortgages as invalid, they do not stand in the way of a redemption from the register's sale.

The authority to exercise such right is conferred by section 10140, Code, on those there named in the order provided. Under such authority, the debtor in said judgment has prior right. The junior mortgagee comes next. The existence of the junior mortgage does not cut off the debtor. But a foreclosure of another mortgage does cut off that right after the expiration of the period of the right to redeem from it. Huie v. Smith, 236 Ala. 516(8), 183 So. 661; Bond v. Oates, 204 Ala. 666, 87 So. 173; Hart v. Jackson Street Baptist Church, 224 Ala. 64, 139 So. 88.

In this instance, this appellee was the purchaser at both sales. The effect of the mortgage foreclosure prior to the register's sale merely serves to determine whether the right to redeem from the register's sale was thereby cut off.

Not now considering the question of whether there must be an effort to redeem from both sales, since the purchaser at each was the same person, nor considering the question of the validity of the mortgages and their foreclosure, nor the effect of such foreclosure on the right here asserted to redeem from the register's sale, we will consider that right for the present on the basis of the assumption that it is not influenced by such foreclosure. For if the right thus to redeem is lost or forfeited, the property is wholly lost to complainant, regardless of the validity or invalidity of the mortgages.

The effort thus to redeem, and the fact of such register's sale, first came into the suit as a part of an elaborate amendment to the bill. It does not in any sense attack the validity of that sale nor the decree of the court under authority of which it was made. It does not allege a tender, but sets up facts supposed to relieve her of that duty and of the necessity of bringing the money into court, but does offer to pay such amount as may be required by the court. She does not allege that she surrendered possession as required by section 10143, Code, nor any facts thought to relieve her of that duty.

There was a demurrer addressed to that aspect of the amendment in respect to the failure to allege delivery of possession.

But there was no submission nor ruling on the demurrer. It was a feature of the answer. The answer to that aspect of the amendment alleged that the sale by the register was to enforce a lien of a materialman, and that the other items on the statements furnished were secured by other mortgages, and were proper charges. The answer then alleges "that complainant did not have the right of redemption as that had been forfeited by complainant's refusal to deliver possession within ten days after demand had been made therefor by respondent bank." In answer to the demand for a statement of the debt and lawful charges, appellee furnished an itemized statement, but in it declared that the right (to redeem) had been forfeited, which would be insisted upon, but offered to sell the property for that consideration. The itemized list included the two mortgages here in question, the amount of the register's sale, attorneys' fee, and advertising fee.

■ The amendment was defective in this respect. Hart v. Jackson Street Baptist Church, 224 Ala. 64, 139 So. 88; Moseley v. Ritter, 226 Ala. 673, 148 So. 139.

■ But the question is not on review of that demurrer, for there was no ruling on it, and it may be, as it was here, set up in the answer.

■ Attention is called to the fact that this right here sought is by the complainant in her relation as debtor, not that of a widow or wife exercising the right by virtue of her interest in her husband's property, such as in the case of Johnson v. Williams, 212 Ala. 319, 102 So. 527; Fellows v. Burkett, 219 Ala. 601, 122 So. 808; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463. There is no reason for excluding the debtor from the burden of section 10143, Code, merely because she is a married woman. See Thomas v. Blair, 208 Ala. 48, 93 So. 704. She is the unquestioned debtor in the register's sale.

■ Shortly after the register's sale a demand in writing was made upon appellant by the appellee, served by the sheriff, and admitted by her. She did not deliver possession under such demand. The evidence shows this. But she did sign and deliver a paper addressed to appellee in which she declares that she "hereby recognizes (appellee) as her landlord by virtue of the sale under a decree of the circuit court"; and "this attornment is made for the purpose of preserving my right to redeem." Service of it was accepted by counsel for appellee on April 8, 1939. The demand for possession had been served on appellant March 28, 1939. Since March has thirty-one days, this was not done within the ten days after demand was made, as required by section 10143, Code. But we also rest the opinion on broader grounds.

■■ In order to constitute the relation of landlord and tenant, there must be a mutual agreement to that effect. There is no such thing as a simulated relation for some purpose which depends upon an actuality to accomplish that purpose. The object of section 10143, Code, would always be evaded if it could be done in such a simple and unsubstantial manner. No consent to such theory of attornment was given by the purchaser. The rule is that if the debtor remains in possession of the property sold after the expiration of ten days, from the date of demand, he must show that this was done with the consent of the purchaser such as to make him a tenant of some sort. Sandford v. Ochtalomi, 23 Ala. 669; Stocks v. Young, 67 Ala. 341; Farley v. Nagle, 119 Ala. 622, 624, 24 So. 567.

■ The result is that appellant has forfeited her right to redeem from the register's sale, irrespective of the validity of the mortgages. So that, assuming their invalidity, complainant has lost all rights in respect to the land. By such forfeiture the title of appellee became complete.

Even so, it is not necessary to rest our decision solely on such forfeiture. We agree with the trial court that those mortgages were not given solely to secure her husband's debt.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.