STEAGALL, Justice.
On August 11, 1988, Richard and Teresa Heath filed a complaint for enforcement of the right of redemption as to certain- real property in Huntsville; the defendant was Don Wilkerson, purchaser of the property at the foreclosure sale. Finding that the Heaths were “tenants of some sort,” relying on Wachter v. Leeth Nat’l Bank, 240 Ala. 604, 606, 200 So. 422, 424 (1941), the trial court ordered Wilkerson to provide *167 them with a statement of a redemption balance and gave the Heaths 60 days from the date they received that statement to redeem the property by paying that balance, at which time Wilkerson was to convey the property to them by a statutory warranty deed. Wilkerson appeals from that final judgment in favor of the Heaths.
The threshold question is whether the Heaths delivered possession of the property to Wilkerson as required by Ala.Code 1975, § 6-5-233.[1] If they did not, our next inquiry is whether, as the trial court found, the Heaths remained on the property as tenants in such a manner as to preserve their right of redemption.
The Heaths purchased the property on February 19, 1980, subject to a mortgage held by the Veterans’ Administration and another one held by Wilkerson. The Heaths defaulted on Wilkerson’s mortgage, and he purchased the property at the foreclosure sale on June 23, 1988. Wilkerson then, by letter dated July 5, 1988 (pursuant. to § 6-5-233), demanded that the Heaths vacate the premises. As stipulated by both parties, the Heaths received this letter on July 11, 1988, but they refused to leave the property. Instead, the Heaths’ attorney mailed a set of keys to the premises to Wilkerson’s attorney, along with a letter in which he stated that the Heaths wished to remain on the property as tenants. Wilkerson, through his attorney, rejected the Heaths’ request in a reply letter and again demanded immediate possession of the property. Thereafter, the Heaths remained on the property, and Wilkerson filed an eviction action on July 22, 1988, which was later dismissed for lack of prosecution. The Heaths then filed their action to redeem the property on August 11, 1988.
The Heaths argue on appeal that delivery of the keys was sufficient to give Wilkerson the possession of the property contemplated by § 6-5-233. That statute reads as follows:
“§ 6-5-233. Delivery of possession to purchaser on demand.
“(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
“(b) If the land is in the possession of a tenant, written notice must be given to the debtor, unless he is a nonresident, and the debtor must direct the tenant to deliver possession or recognize the purchaser as his landlord in the event the lease antedates the mortgage, judgment or levy. If the debtor is a nonresident or cannot be found, notice to the tenant is sufficient and he must deliver possession within 10 days.
“(c) Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption.”
The Heaths contend that their sending the keys to Wilkerson constituted “constructive possession,” and they argue that existing Alabama law leaves it “unclear and ambiguous” whether constructive possession satisfies § 6-5-233. We think the Alabama cases are clear on this question. As early as 1889, this Court discussed the nature of the delivery required under Ala. Code 1886, § 1880, the predecessor to § 6-5-233:
“It is upon the party seeking to avail himself of the right of redemption, to allege and prove the statutory delivery of possession. Precisely what constitutes such delivery has, it is believed, never been defined; nor is it our purpose to enter upon definition now, further than is necessary to meet the facts of this case. Of course, there can be no doubt that the statute means actual possession. It would seem to follow, too, that the delivery must be the clear possession, as it is sometimes called, to *168 the exclusion of every other person; the same as a sheriff would give on a writ of habere facias possessionem. This would involve the removal from the premises of the personal property of the debtor and of his household, the members of his family, his servants, and all persons on the land through family or contract relations to him, except only his tenants, who, by another provision of the statute, are allowed to remain as the tenants of the purchaser. Excepting, however, tenants, who are thus specially provided for, we apprehend that the statute is not complied with, the delivery of possession required by it not accomplished, unless and until there is such a termination of occupancy on the part of the debtor, his family and household, in their persons and effects, as will admit of the peaceable entry, and quiet, unrestricted, and unobstructed possession and use of the purchaser.”
Nelms v. Kennon, 88 Ala. 329, 331, 6 So. 744, 745 (1889), quoted in Connecticut General Life Ins. Co. v. Weldon, 246 F. 265, 268-69 (M.D.Ala.1917) (emphasis added).[2]
Later cases allowing transfer of less than actual possession within the ten-day period have been predicated on either excusable delay or a characterization of the person attempting to redeem the foreclosed property as other than a “debtor.” See, e.g., Rhoden v. Miller, 495 So.2d 54 (Ala.1986) (failure to remove mobile home, tractor, and six head of cattle excused under facts in that case), and Cox v. Junkins, 431 So.2d 497 (Ala.1983) (vendee of the vendee at a judicial sale upon foreclosure of a first mortgage did not forfeit right to redeem following foreclosure of a second mortgage because there was no evidence she was responsible for tenant’s delay in surrendering possession; § 6-5-233 applies to debtors, and vendee in that case was not the debtor).
As mentioned earlier, the Heaths stipulated to the fact that they did not at any time remove their belongings from the property or vacate the premises after Wilkerson’s demand that they do so. Hence, their delivery of the keys, standing alone, did not amount to delivery of actual possession and was insufficient to satisfy § 6-5-233.
However, if the Heaths were, indeed, tenants, as the trial court found, then their failure to deliver actual possession would not constitute a forfeiture under § 6-5-233. See Farley v. Nagle, 119 Ala. 622, 24 So. 567 (1898). Our review of the record discloses that the trial court erred in applying the law to the facts on this issue, for two reasons.
First, Wilkerson explicitly and unequivocally refused to accept a landlord/tenant relationship with the Heaths after they had requested such an arrangement. Second, the Heaths themselves denied any status as tenants of Wilkerson in their motion to dismiss his eviction action: “These defendants respectfully show that they are not tenants of the plaintiffs, Don Wilkerson and Debra Wilkerson, and have never been tenants of the aforesaid plaintiffs and that therefore this [eviction] action will not lie.”
The case on which the trial court relied in finding that the Heaths were “tenants of some sort,” Wachter v. Leeth Nat’l Bank, supra, makes it clear that the “de facto” tenancy that the Heaths claim existed between them and Wilkerson was not present:
“In order to constitute the relation of landlord and tenant, there must be a mutual agreement to that effect. There is no such thing as a simulated relation for some purpose which depends upon an actuality to accomplish that purpose. The object of section 10143, Code [the predecessor to § 6-5-233], would always be evaded if it could be done in such a simple and unsubstantial manner.... The rule is that if the debtor remains in possession of the property sold after the expiration of ten days, from the date of demand, he must show that this was *169 done with the consent of the purchaser such as to make him a tenant of some sort.”
240 Ala. at 606, 200 So. at 424 (citations omitted) (emphasis added).
Finally, the Heaths argue that they never denied Wilkerson possession of the property. While this may be true, it is clear from the record that they did not, as required, give Wilkerson “actual possession,” as that term was defined in Nelms v. Kennon, supra. While the facts in such a case as Miller v. General Sales Co., 485 So.2d 698 (Ala. 1986) (debtor did not turn over keys, locked all the doors, and posted “no trespassing” signs on the property), more so than those of this case, support the harsh result of a forfeiture, Alabama law makes it clear that the delivery of the keys to the premises, without more and absent any excuse or justification for the failure to render actual possession to the purchaser, is insufficient to satisfy § 6-5-233.
Thus, the judgment of the trial court ordering Wilkerson to provide the Heaths with a statement of the redemption balance and giving the Heaths 60 days in which to pay that amount is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. Section 6-5-233 was repealed by Acts 1988, No. 88-441, p. 647, § 14, effective January 1, 1989. The Heaths filed their action to redeem the property on August 11, 1988; hence, § 6-5-233, rather than § 6-5-251 (Cum.Supp.1989) (the successor to § 6-5-233), controls this case.

. For a general discussion regarding forfeiture of the statutory right of redemption, see 59 C.J.S. Mortgages § 822, at 1568 (1949).