# Farley v. Nagle.

*Bill in Equity for Statutory Redemption.*

1. *Redemption of real estate; conditions precedent.*—Complainant seeking to enforce the statutory right of redemption to real estate sold under execution, must allege and prove, as essen-

[Farley v. Nagle.]

tial prerequisites to the right of redemption, that, within ten days after the sale, the debtor, on demand, delivered the possession to the purchaser or his vendee, and tendered the amount prescribed by statute.

2. *Possession of co-tenant.*—Possession of one co-tenant is generally for the benefit of all; and is not deemed adverse unless accompanied by circumstances indicating an expulsion or ouster of the other.

3. *Possession of co-tenant; when forfeits debtor's right of redemption.*—When the evidence shows that at the time of the sale, the lands were in the actual possession of debtor's co-tenant, that two days after the sale the purchaser made a demand on the debtor for possession, which was refused, and the co-tenant continued to hold possession for himself and the debtor for more than ten days, the debtor's right of redemption is forfeited.

4. *Demand by agent.*—A demand on a debtor for the possession of real estate sold under execution, may be made by the purchaser, or his agent.

APPEAL from Mobile Chancery Court.
Tried before Hon. W. H. TAYLOE.
The case is stated in the opinion.

FRED. G. BROMBERG, for appellant, cited, Code 1886, §1880; *Nelms v. Kennon*, 88 Ala. 331; *Hanna v. Steele*, 84 Ala. 306; Mechem Agency, 417; *Anderson v. Timberlake*; 22 S. R. 431, 433; 1 Encyc. of Law, (2d Ed.) 1124; Mechem Agency, 41, note 4; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; 1 Brick. Dig. 834, sec. 439; *Garrett v. Garrett*, 29 Ala. 439; *Whitlock v. Keiffer*, 31 Ala. 201; 1 Encyc. of Law (2d Ed.), 723, note 2.

SULLIVAN & STALLWORTH, BESTER & GRAY, contra, cited, Tiedman on Real Property, p. 207; *Sibley v. Alba*, 95 Ala. 191; *Brady v. Huff*, 75 Ala. 80; *Stocks v. Young*, 67 Ala. 341; *Nelms v. Kennon*, 88 Ala. 329; *Prior v. Hollinger, Ib.* 405; *Hanna v. Steele*, 84 Ala. 305.

HARALSON, J.—Bill in equity for the statutory right of redemption of lands sold under execution.

When land has been sold under execution or by virtue of any decree in chancery, or under any deed of trust, or power of sale in a mortgage, and the debtor desires to redeem, "The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by

the debtor, if in his possession, or of any one holding under him by privity of title, if in his possession, on the demand of the purchaser or his vendee. If the land is in the posession of a tenant, notice to him by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, vests the right to the possession in him, in the same manner as if the tenant had attorned to him." Code, 1896, §§3506, 3507, (§§1879, 1880).

The principles on which the case is to be decided are familiar. It is shown that Mary A. Farley, sister of the complainant below, appellant here, at the time of the sale of the lot in question by the sheriff, was the complainant's co-tenant. The possession of one co-tenant is generally held to be for the benefit of all, and the sole possession by one does not constitute a disseisin of the other co-tenants, notwithstanding it may continue, even, for the statutory period of limitation. The possession of one is not usually deemed adverse, unless accompanied by circumstances indicating an expulsion or ouster of the other.—*Brady v. Huff,* 75 Ala. 80; *Sibley v. Alba,* 95 Ala. 191; Tiedman on Real Prop., §251.

The statute makes it a condition precedent to redemption, that the debtor must within ten days after the sale, have delivered possession of the property sold to the purchaser on his demand or that of his vendee. Unless the debtor remains in possession after such demand as the tenant of the purchaser, a failure to deliver possession in the time prescribed forfeits the right of redemption.—*Stocks v. Young,* 67 Ala. 341. The burden is on the party filing the bill, to allege and prove these facts, and that he tendered the amount prescribed by statute,—essential prerequisites to the right of redemption.—*Nelms v. Kennon,* 88 Ala. 329; *Pryor v. Hollinger,* 88 Ala. 405.

The complainant seeks to avoid the necessity of a delivery of possession within the prescribed time, by averring and attempting to prove, "that at the time of said sale of said land under said execution, and for more than ten days thereafter, orator was not in possession of said land." He evidently supposed, because he had gone elsewhere to board for the time, and his sister and co-tenant was in charge of the premises, that, therefore, he was not, also, in possession. That Mary A. Farley, the co-

[Farley v. Nagle.]

tenant, was in actual possession at the time of the sale and afterwards for herself and the complainant, is satisfactorily established. Henry Cole, a witness for complainant, testified that after the house on the lot was damaged by fire, he was employed by complainant and went to work on the house the latter part of July; that afterwards, a change was made in his employment, and Mary Farley employed him, who bought the timber and paid the bills,—no one living in the house at the time. This indicates, not that the complainant had been disseized by Miss Farley, nor that he had abandoned possession, but simply, that she, and not the complainant, became active in having the repairs done. He further testified that he commenced work under Miss Farley in September, 1897, was at work on labor day and a week or more after that day. We judicially know that labor day in 1897, was on the 6th of September (Code §872 [1759]), which was the day of the sheriff's sale of this property; and it thus appears, that the co-tenant of complainant was in possession of the property, having it repaired for herself and the complainant, a week or more after the appellee bought it.

Miss Farley herself testified, that "three days after my brother's interest was sold, I put the property in the hands of Sage, Baker & Co. for rent."

The complainant himself testified, that he gave Mrs. Nagle, the defendant, the key to the house, so she could put her furniture in it,—a privilege she asked of him, while she was fixing up her own house; that at the time of the sale, he had some men working on the house, but after the sale, he was never there. What more is needed to show that at the sale and afterwards, the complainant was in possession of the premises? Without the averment in the bill above copied, to avoid the necessity, as was supposed, of an averment of a delivery of the property to the purchaser, after demand, within the time required by statute, there is no averment of a demand for possession by defendant and a compliance therewith by complainant.

The complainant seeks to show, that the purchaser made no demand for possession. W. F. Hanlon testified that he bought the property at sheriff's sale for his mother, the defendant, and on her behalf, on the 8th day of September, 1897, he made two demands on the com-

[Farley v. Nagle.]

plainant for possession thereof, the one verbal and the other written, signed by defendant; and the two within an hour of each other; that when he made the first verbal demand, he told complainant that he was sent by his mother for possession of the property, as he had paid her money and had gotten a deed for the place, and complainant replied, "When I give you possession of the place, I will give it to you with a shot gun," and turned on his heels and walked away. As to the second and written demand,—which it is not disputed was altogether sufficient, dated the 8th of September, 1898, and signed by defendant,—the witness testified that it was handed to complainant by him, in the presence of one Mallory, and he refused to receive it; that he opened it and held it in front of him, long enough for him to read it over, five or six times; that he looked at it, and told witness to take it, using an obscene expression at the time. The complainant denied on his examination that the witness presented to him any paper at the time mentioned, and stated that the alleged verbal demand was the only one the witness ever made on him, and about that demand complainant testified, he had a conversation with said Hanlon at the time and place specified by said witness, when Hanlon came up behind him and said, "I want possession of the house I bought on the southwest corner of Charleston and Warren streets," and he, complainant, "told him to go to hell."

Mallory corroborates Hanlon, as to the written demand. He testified, "I saw Mr. Hanlon meet Mr. William Farley (naming the time and place stated by Hanlon and complainant), in the month of September, 1897, and saw Mr. Hanlon walk up and show Mr. Farley a note. Mr. Hanlon offered Mr. Farley the note, but he refused to take it. Mr. Hanlon walked up to Mr. Farley like one man would walk up to another, and presented the note to Mr. Farley, but Mr. Farley declined to accept it. He opened the paper and showed it to Mr. Farley, but Mr. Farley would not accept it, etc."

The sheriff, Charles E. McLean, testified, that he met up with the complainant shortly after the sale, while he was in the company of Thomas Farley, and in talking about this matter, he told complainant that he had learned he had only a day or two in which to surrender the property in order that he might have a chance to re-

[Moore v. Heineke.]

deem it, and advised him to give possession to Mrs. Nagle who had bought the property. He questioned witness' right to sell the property, and said he would sue him for selling it, and said he would not give up the possession of the property. Thomas Farley corroborated the witness, McLean, as to a conversation between said parties at the time laid, and that McLean told complainant "that he had two more days in which to redeem the property."

It was shown, without conflict, that a suffcient tender was made, and that possession was surrendered to defendant on the 28th September, 1897, and not before.

We are of the opinion, despite the conflicts with which the evidence abounded on some points, that the proofs show clearly enough that a demand was made by the purchaser for the possession of the property on the 8th of September, 1897, two days after the execution sale, and that it was not complied with until more than ten days thereafter.

There is no merit in the contention that the purchaser, Mrs. Nagle, was bound to make demand for possession in person, and could not do so through her authorized agent.

The chancellor decided the case against the appellant, and on the pleadings and proof we fail to discover he erred.

Affirmed.