# Hutchison, *et al. v.* Flowers.

*Redemption of Land From Mortgage Foreclosure Sale.*

(Decided February 6, 1912.  57 South. 719.)

1. *Mortgages; Redemption From Foreclosure Sale; Service of Demand.*—The written demand required by section 5747, Code 1907, to be served on the debtor or one holding by privity must be served on the debtor or his holder to bar the right to redeem; the mere reading to him of an alleged written demand not being sufficient.

2. *Same; Waiver.*—The refusal of a debtor to deliver possession of land to the purchaser at mortgage foreclosure sale on the purchaser's oral demand will not constitute a waiver of a demand in writing.

APPPEAL from Coffee Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Eula Flowers against D. C. Hutchison and others to redeem land from a mortgage foreclosure sale. From a decree ordering redemption, respondents appeal. Affirmed.

The bill was filed within the statutory period, and offers to do equity by paying the amount found due, with interest, that request had been made to ascertain the amount necessary to redeem, and the refusal to furnish it, and her inability otherwise to ascertain the amount necessary for a tender; but it is alleged that the mortgage contained usury, and that the same should be deducted from the principal. The defense was that

after the sale under the mortgage written demand was made upon complainant for possession of the land, and that respondent declined within a reasonable time thereafter to deliver possession to the purchasers at such sale. The evidence as to this matter sufficiently appears in the opinion.

J. F. SANDERS, for appellant. Prior to 1852, mortgagors were required to surrender possession without suit.—Clay's Dig. 502. The demand was in writing and was read to complainant and the fact that it was not left with her did not render it any less a written demand.—3 Blacks. 279; 36 Cyc. 402; 32 Cyc. 458; 36 L. R. A. 402; 22 Ia. 11; 92 Am. Dec. 350; 11 Gray 345. As bearing a close analogy to the demand here treated see the following cases as to the demand necessary under section 4897, Code 1907.—*Loeb v. Huddleston,* 105 Ala. 257; *Long v. Jennings,* 137 Ala. 190. Even if a written demand was necessary it may be waived and was waived in this case.—9 A. & E. Enc. of Law, 212, and authorities cited. The testimony sufficiently shows that a written demand was left with complainant as she had the burden to carry.—*Baker v. Birdeshaw,* 132 Ala. 166. The fact of illness, etc., is no excuse.—*Burke v. Brewer,* 133 Ala. 392. There is no equity in the bill and it should be dismissed ex mero motu.—*Jackson v. Knox,* 119 Ala. 320.

E. R. BRANNAN, for appellee. The written demand was never required of the purchaser in order to shut off the statutory right of redemption until the adoption of section 5747, Code 1907, since the adoption of this section a written demand is essential and such demand must be lodged with the person to whom it is addressed.—5 A. & E. Enc. of Law, 528; 24 Ill. 192.

[Hutchison, et al. v. Flowers.]

Until there is a legal and statutory demand, the possession is treated as permissive.—*Baker v. Birdeshaw*, 132 Ala. 166. Where an offer to pay is refused, an actual production of the money is not necessary to constitute a tender.—126 Ala. 589.

DOWDELL, C. J.—The bill as amended, under the agreement of the parties, is confessedly one for statutory redemption of land sold under a mortgage. The real, and practically the only, question is whether or not the purchaser at the mortgage sale made a written demand for possession of the land on the mortgagor, the party in possession.

After a careful consideration of the evidence, we concur in the finding of the fact by the chancellor that the writing, which was read by one Talbot, as the agent of the purchaser, to the complainant, purporting to be a demand for possession, was not delivered to the complainant, nor a copy thereof delivered. And the question of law is: Did the reading merely of the writing, purporting to be a demand, to the party in possession, constitute a "written demand" under the statute? The present statute, section 5747 of the Code of 1907, reads as follows: "The possession of the land must be delivered to the purchaser within ten days after the sale thereof, by the debtor, if in his possession, or of any one holding under him by privity of title, if in his possession, on written demand of the purchaser or his vendee." Prior to this statute an oral or verbal demand for possession was sufficient. When we review the legislative history of the statutory right of redemption of land, the legislative intention of the importance of a written demand, as incorporated in the present statute, is not to be overlooked. The right to redeem after foreclosure was first conferred on the mortgagor

[Hutchison, et al. v. Flowers.]

by the Code of 1852, and in respect to the demand to be made by the purchaser for possession section 2117 of the Code of 1852 reads as follows: "The possession of the land must be delivered to the purchaser within ten days after the sale thereof, by the debtor, if in his possession, on demand of the purchaser or his vendee." The precise language of this section was carried forward in the Codes of 1867, 1876, and 1886. In the Code of 1896 the same language is used, with the following clause added: "Or of any one holding under him by privity of title, if in his possession." Section 3506. So it is to be seen, from the history of the legislation, that the requirement of the demand to be in writing was first inserted in the Code of 1907—after its having been the law for so many years that any demand, verbal or written, was sufficient to cut off this important right of redemption. The change in the law, therefore, is significant in meaning, and was intended for the benefit of the debtor, and to prevent, as far as possible, the fact of a demand from being a controverted question.

We are also of the opinion that in complying with this requirement of the statute—that is, in making a written demand—the writing should be served upon the debtor, or the person in possession, by the delivery of the writing to such person, and that a mere reading of the writing, purporting to be a demand, by the purchaser to the debtor, is not sufficient. So far as the debtor is concerned, the reading by the purchaser of what purports to be a written demand for possession of the land is nothing more than the purchaser's oral demand.

We think, however, that the demand in writing might be waived; but in such a case the waiver should be clear and unequivocal, since it involves the forfeiture

of so important a right by the debtor. And, since the debtor is not bound on a verbal or oral demand of possession to deliver, in order to prevent a forfeiture of his statutory right to redeem, a refusal to deliver possession on oral demand should not be construed into a waiver of a demand in writing. We concur in the views of the chancellor, both as to his conclusions of the law and as to the facts in the case. It results, therefore, that the decree appealed from must be affirmed.

Affirmed. All the Justices concur.