CONNECTICUT GENERAL LIFE INS. CO. v. WELDON et al.

(District Court, M. D. Alabama, N. D., at Montgomery.  November 24, 1917.)

No. 227.

1. MORTGAGES ⊜═126—DESCRIPTION—PROPERTY INCLUDED.

Where the written application for a loan signed by defendant showed that a part of the property which he agreed to mortgage was his homestead, which he occupied and on which was located his residence, etc., the mortgage, which did not describe the quarter section on which was located defendants' homestead, yet stated that it embraced defendant's home place, and that each and every part of such place was conveyed, whether particularly described or not, included that portion of the land on which was located defendant's homestead.

2. HOMESTEAD ⊜═133—CANCELLATION OF CONVEYANCE—BURDEN OF PROOF—FRAUD.

Where the terms of a mortgage included defendants' homestead, defendants had the burden of proving that they were misled and deceived into signing it, and that it was obtained through fraud or misrepresentation of the mortgagee's agent.

3. MORTGAGES ⊜═596, 597—FORECLOSURE—REDEMPTION.

Under Code Ala. 1907, §§ 5746, 5747, respectively declaring that where real estate is sold under any deed of trust or power of sale in a mortgage, it may be redeemed by the debtor from the purchaser within two years thereafter in the manner following, and that the possession of the land must be delivered to the purchaser within ten days after sale thereof by the debtor if in his possession or any one holding under him by privity title on written demand by the purchaser, a debtor, unless he surrenders possession of the land within ten days after written demand, loses his right to redemption.

4. MORTGAGES ⊜═596, 597—FORECLOSURE—REDEMPTION—RIGHT TO REDEMPTION.

Under Code Ala. 1907, §§ 5746, 5747, relating to redemption of land sold under mortgage foreclosure and delivery of possession to purchaser, a mortgagor must deliver possession of all of the land mortgaged upon proper demand after sale, and his retention of a portion of the land included in the mortgage will, where without excuse, forfeit his right to redemption.

5. QUIETING TITLE ⊜═7(2)—CLOUD ON TITLE—RIGHT OF REDEMPTION.

A purchaser of land sold under mortgage foreclosure is entitled to have quieted his title against the mortgagor's statutory right of redemption, where the mortgagor by his refusal to deliver possession of all of the premises within ten days after written demand forfeited his right of redemption.

6. COURTS ⊜═328(2)—FEDERAL COURTS—JURISDICTIONAL AMOUNT.

Land worth not less than $7,500 was sold to foreclose a mortgage for $2,500. The mortgagor having refused to deliver possession of the whole of the mortgaged premises, the mortgagee, which purchased the property on foreclosure, sued to quiet its title to that portion of the premises of which it had acquired possession against any right of redemption by the mortgagor and incidentally to recover the land, possession of which the mortgagor had withheld. Held, that though the portion of land withheld by the mortgagor was worth less than $3,000, a greater sum than that amount was involved, the equity of redemption obviously being worth about $5,000, and hence the federal court had jurisdiction.

7. QUIETING TITLE ⊜═50—SUITS—COMPLETE RELIEF.

A mortgagee having purchased property on foreclosure and having been admitted by the mortgagor into possession of all but a small part of the land sued to quiet title to such land on theory that mortgagor, by

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

refusing to surrender possession of whole on demand, had forfeited right of redemption, *held*, that, as equity abhors a multiplicity of suits, that portion of the bill seeking to recover the land withheld by the mortgagor is not open to objection on the theory that the mortgagee should not be allowed to maintain its bill to quiet title to lands not in its possession, but the right of the mortgagee to recover the lands withheld must be determined so as to give complete relief.

In Equity. Suit by the Connecticut General Life Insurance Company against James W. Weldon and another. Decree for complainant.

W. A. Gunter, Sr., of Montgomery, Ala., for plaintiff.
Curry & Walker, of Clanton, Ala., for defendants.

HENRY D. CLAYTON, District Judge. On April 29, 1916, J. W. Weldon and wife, to secure a loan of $2,500 made to them by the Connecticut General Life Insurance Company, a corporation and citizen of Connecticut, executed a mortgage to that company on certain land owned by them in Chilton county, Ala., and described in the mortgage as follows: S. W. ¼ of S. W. ¼, Sec. 1; N. ½ of S. ½, Sec. 2; W. ½ of N. W. ¼, Sec. 12; N. W. ¼ of S. W. ¼, Sec. 12; and S. ½ of N. W. ¼, Sec. 2, all in township 20, range 13—and the land was further described, to quote the language of the mortgage, "known as the 'Home Place' of J. W. Weldon, and each and every part of said place is hereby conveyed whether particularly described or not, and all of the lands now owned by the said J. W. Weldon in Chilton county are hereby conveyed." The mortgage was duly recorded. Default having been made in the payment of some of the interest notes, the plaintiff elected to consider all of the debt due, as was provided in the mortgage, and foreclosed said mortgage by sale under the power in the mortgage. Accordingly, after due advertisement, the lands were sold on January 9, 1917. The mortgagee, the plaintiff, became the purchaser at the mortgage sale and received a deed in pursuance of the sale. Demand in writing was then made upon Weldon and his wife for the possession of the lands. They surrendered possession of the 400 acres of land described by number in the mortgage, but possession of 40 acres, the S. E. ¼ of the S. E. ¼, Sec. 2, Tp. 20, R. 13, which was their homestead and occupied by them as such and which 40 acres was not described by numbers in the mortgage, was withheld from and refused the plaintiff, Weldon alleging that this 40 acres was not included in the mortgage. The plaintiff then filed its bill in this court against the defendants, Weldon and wife, the mortgagors. The bill primarily seeks to quiet plaintiff's title to the 400 acres which it is now in possession of against any statutory right of redemption in the Weldons; plaintiff alleging that the defendants, by failing to surrender the entire tract of land within ten days after demand in writing, forfeited all right to redeem said land under the statutes of Alabama. Incidentally the bill seeks to recover the 40 acres of land, the possession of which is unlawfully retained by Weldon. Damages for its detention are also sought. The defendants in their answer, as amended, to the bill insist that the value of the 40 acres which they retain is only $600, and hence not within the jurisdiction of the court, and that the value of this disputed 40 acres is the only matter

in dispute here. They also allege that the mortgage, so far as the disputed 40 acres is concerned, was obtained by fraud and misrepresentation on the part of plaintiff, through its agent or attorney, and that defendants were misled and deceived into signing a mortgage which they never intended to sign. The cause is now submitted for final decree upon all the pleadings and upon the evidence which was heard orally before the court.

[1] 1. While the 40 acres of land, the ownership and possession of which is in dispute here, is not described in the mortgage by the government numbers of the land lines (section, township, and range), this tract of land is covered by the further description of the mortgaged premises as "the 'Home Place' of said J. W. Weldon, and each and every part of said place is hereby conveyed whether particularly described or not, and all of the lands now owned by the said J. W. Weldon in Chilton county are hereby conveyed." This description is not in itself indefinite, and clearly includes the disputed 40 acres. In addition to this, the written application of Weldon for the loan, which was signed by Weldon and is introduced in evidence, shows that a part of the property which he mortgaged was his homestead, which he occupied, and on which was located his residence, stables, cribs, outhouses, and tenant houses. It is not disputed that this was all the land he owned in Chilton county, Ala. There is no merit, therefore, in the contention that the description given in the mortgage does not cover the 40 acres in dispute, the S. E. ¼ of the S. E. ¼, Sec. 2, Tp. 20, R. 13, Chilton county, Ala.

[2] 2. The burden is upon the defendants in this case to prove to the reasonable satisfaction of the court that they were misled and deceived into signing the mortgage, or that it was obtained by the fraud or misrepresentation of plaintiff's agent. This burden they have not discharged. The oral and documentary evidence leave no room to doubt that they signed this mortgage with full knowledge of its contents and of the land they were mortgaging. The court is satisfied that plaintiff's agent, Adams, read the mortgage over to them, explained to them what land was included in the mortgage, and that Adams was not guilty of any fraud or misrepresentation in securing the execution of the mortgage. It is plain to the court that the defendants intended to mortgage their home place, and that they knew they were mortgaging it when they executed the instrument.

[3] 3. The Alabama statute, Code Ala. 1907, § 5746, relating to redemption of real estate by debtors, provides:

"*Where real estate*, or any interest therein, *is sold under* execution, or by virtue of any decree in chancery, or under any deed of trust, *or power of sale in a mortgage, the same may be redeemed by the debtor*, his vendee, junior mortgagee, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or his vendee or assignee of the right to redeem under this Code, *from the purchaser*, or his vendee, *within two years thereafter in manner following.*" (Italics supplied.)

"In manner following" is indicated by the next section of the Code (section 5747), which declares:

"The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, * * * on written demand of the purchaser or his vendee. * * *"

Unless the debtor surrenders possession of the land within ten days after written demand, he loses his right of redemption. As was said by the Supreme Court of Alabama in Farley v. Nagle, 119 Ala. 622, 624, 24 South. 567, 568:

"The statute makes it a condition precedent to redemption, that the debtor must, within ten days after the sale, have delivered possession of the property sold to the purchaser on his demand or that of his vendee. Unless the debtor remains in possession after such demand as the tenant of the purchaser, a failure to deliver possession in the time prescribed forfeits the right of redemption. Stocks v. Young, 67 Ala. 341."

This is the law to-day. However, since the Code of 1907, § 5747, quoted above, the demand for possession must be in writing. Hutchison v. ·Flowers, 175 Ala. 651, 57 South. 719. The surrender of possession, upon written demand after sale, is a condition precedent to redemption; unless this condition is performed the right of redemption does not accrue. Stocks v. Young, supra; Sandford v. Ochtalomi, 23 Ala. 669; Paulling v. Meade, 23 Ala. 505; Baker v. Burdeshaw, 132 Ala. 166, 31 South. 497.

[4] 4. The words of the statute are that "the possession of the land must be delivered to the purchaser." The mortgagor, if he would preserve his statutory right of redemption, must yield possession and control of the mortgaged premises on proper demand after sale. He cannot illegally or arbitrarily refuse to deliver the possession·of any part of the land mortgaged and preserve his statutory right of redemption to that part of the land which he did deliver. The delivery of possession required by the statute is delivery of possession of the entire tract of land mortgaged. "Redemption of lands under our statutes to that end cannot be exercised otherwise than that of the whole property bought at the sale. The process contemplated and required by the statutes makes an indivisible entity of the act of redemption." Morrison v. Formby, 191 Ala. 104, 105, 67 South. 668, 669. Property cannot be redeemed by piecemeal. Cowley v. Shields, 180 Ala. 48, 56, 60 South. 267. Nor can delivery of possession be by piecemeal. The mortgagor must deliver possession of all the land mortgaged, upon proper demand after sale, and his illegal retention of any part of the land, even though he has surrendered possession of the major portion of the lands, under the facts and circumstances of this case, forfeits his statutory right of redemption to the entire parcel of land. In the well-considered case of Nelms v. Kennon, 88 Ala. 331, 6 South. 744, 745, Justice McClellan, afterwards Chief Justice, speaking for the court said:

"It is upon the party seeking to avail himself of the right of redemption, to allege and prove the statutory delivery of possession. Precisely what constitutes such delivery has, it is believed, never been defined; nor is it our purpose to enter upon definition now, further than is necessary to meet the facts of this case. Of course, there can be no doubt that the statute means actual possession. It would seem to follow, too, that the delivery must be the 'clear possession,' as it is sometimes called, to the exclusion of every other person; the same as a sheriff would give on a writ of habere facias possessionem. This would involve the removal from the premises of the personal property of the debtor, and of his household, the members of his family, his servants, and all persons on the land, through family or contract relations to him, except only his tenants, who, by another provision of the statute, are

allowed to remain as the tenants of the purchaser. Excepting, however, tenants, who are thus specially provided for, we apprehend that the statute is not complied with, the delivery of possession required by it not accomplished, unless and until there is such termination of occupancy on the part of the debtor, his family and household, in their persons and effects, as will admit of the peaceable entry, and quiet, unrestricted, and unobstructed possession and use, of the purchaser."

[5] There has been no such delivery of possession here. The mortgagor in this case has, without legal or valid excuse, failed to deliver possession of 40 acres of land included in the mortgage, on proper demand after sale, to the purchaser. It follows, therefore, that he has forfeited his right to redeem any part of the land. His claim of an alleged statutory right of redemption to the land is a cloud upon the plaintiff's title, and is capable of being used as a means of vexatious litigation. The purchaser cannot, with safety, sell or improve the land with such a cloud hanging threateningly over it, and it should be removed.

[6] 5. Counsel for defendants, evidently proceeding upon the idea that the matter in dispute or controversy in this case is only the value of the 40 acres on which is Weldon's homestead, the value of which the court finds is less than $1,000, contend that the court is without jurisdiction of this cause because that sum is less than the requisite jurisdictional amount of $3,000. Judicial Code, §§ 24, 37 (Act March 3, 1911, c. 231, 36 Stat. 1091, 1098 [Comp. St. 1916, §§ 991 (1) to 991 (25), 1019]). However, after what has been said above, it is evident that the matter in controversy here is the claim of defendant's statutory right of redemption to the 400 acres of land described by numbers in the mortgage. The evidence clearly proves that this land is worth not less than $7,500, and that $8,000 to $10,000 would not be an unreasonable price for same. As the land is mortgaged for only $2,500, it is plain that defendant's statutory right of redemption, the existence of which is in dispute here, is clearly of value from $5,000 to $6,000. The requisite jurisdictional amount has been shown.

[7] 6. It is next insisted by defendant that plaintiff should not be allowed to maintain his bill to quiet title to lands which he is not in possession of. But the plaintiff is in possession of the 400 acres, and asks the court to remove a cloud on it. Before the court can determine this question an incidental question arises which must be disposed of, the title to the disputed 40 acres. This is merely collateral to the main purpose of plaintiff's bill to quiet its title to the 400 acres of land, and when the court once obtains rightful jurisdiction of the parties and the subject-matter of the action, both of which it has in this case, for one purpose, the removal of the cloud on the 400 acres, the court will make its jurisdiction effectual for complete relief—it will determine the whole controversy. Ober v. Gallagher, 93 U. S. 199, 206, 23 L. Ed. 829. As was said by this court in the case of Continental Trust Co. v. Tallassee Falls Manufacturing Co. (D. C.) 222 Fed. 694, 712:

"Of course, it is a familiar principle that, when a court of equity once acquires jurisdiction of a particular subject-matter and over particular parties, it will not determine the case by piecemeal, but will settle the whole

controversy and will not remit the parties to any other forum for any part of their appropriate relief." 

This principle is thoroughly settled. Having determined that Weldon illegally retains possession of the S. E. ¼ of the S. E. ¼, Sec. 2, Tp. 20, R. 13, the court is of opinion that he should not be left in possession and the plaintiff forced to bring another suit in some other forum. The equitable jurisdiction of the court is clear to afford entire relief in one suit. Equity abhors a multiplicity of suits and will settle all suits about one matter in one suit wherever possible. Enterprise Lmbr. Co. v. First Nat. Bk., 181 Ala. 388, 61 South. 930. The plaintiff here is entitled to have complete justice done it in one suit. Under the facts of this case plaintiff has the legal title to this disputed 40 acres. Weldon should not be left in its wrongful possession.

A decree will be rendered in favor of the plaintiff granting the relief prayed for in the bill.