18 So.2d 705

## RUDDER v. PARTON.

### 8 Div. 278.

Supreme Court of Alabama.

June 29, 1944.

Hayes & Weeks and Brown, Scott & Dawson, all of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

LIVINGSTON, Justice.

Bill by James Parton to redeem certain described real estate from a mortgage foreclosure sale. The sole question presented for review is whether the bill as amended is sufficient in respect to the provisions of section 730, Title 7, Code of 1940, requiring delivery upon demand of possession of lands sold under execution of power of sale in mortgages, etc.

The bill avers that Alice Parton, deceased, the mother of complainant, owned the lands described in the bill during her lifetime; that being indebted to one F. W. Johnson she executed and delivered to Johnson two mortgages conveying to him the real estate involved, and in which mortgages her husband, Dan Parton, joined; that Johnson transferred and assigned the mortgages to M. L. Rudder; that Alice Parton died intestate, leaving surviving her husband, Dan Parton, and three children, viz., James Parton, Fred Parton and Ann Crabtree. That after the death of Alice Parton, the mortgage indebtedness being unpaid, Rudder foreclosed the mortgages and purchased the lands at the foreclosure sale. Later, M. L. Rudder conveyed the lands to Wallace Rudder, the respondent. That after the death of Alice Parton, complainant purchased the interest of Dan Parton, Fred Parton and Ann Crabtree in the lands involved. That within the two-year statutory redemption period, complainant made demand on Wallace Rudder for a statement of the amount necessary to redeem; that Wallace Rudder furnished or rendered the statement, but refused to accept or receive the amount stated, and refused to permit complainant to redeem; that the amount stated was paid into court with an offer to do equity.

The bill specifically avers "that at the date of the foreclosure of said mortgage your complainant was not in possession of said premises; has not been in possession thereof since said foreclosure and that no written demand for possession thereof has ever been made upon your complainant by any person as contemplated by the provisions of section 730 of Title 7 of the Code of Alabama."

Our cases are to the effect that in a bill to redeem from a mortgage foreclosure sale, complainant must allege that within ten days after the sale, possession of the premises was surrendered to the purchaser, or must allege some legal excuse for not delivering possession. Farley v. Nagle, 119 Ala. 622, 24 So. 567; Stocks v. Young, 67 Ala. 341; Henderson et al. v. Hambrick et al., 129 Ala. 596, 29 So. 923; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463, 468. But, as said in the Dewberry case, supra, "these decisions are to the effect that section 10143 of the Code (now section 730, Title 7 Code of 1940) and its forfeiture applies only to the persons in possession, and the rights of other parties to redeem cannot be affected by the failure of the holder of that possession to surrender to written demand duly made."

The quoted averments of the bill show a legal excuse for complainant's failure to deliver possession; and the sole question is resolved in complainant's favor. The cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and STAKELY, JJ., concur.