295 So.2d 402

**Mamie Henderson Rohmer GOODEN**

**v.**

**Olin F. BONNER.**

**SC 583.**

Supreme Court of Alabama.

May 9, 1974.

Rehearing Denied June 20, 1974.

**416**

——————◆——————

Thomas E. Bryant, Jr., Mobile, for appellant.

Gibbons, Stokes & Clark, Mobile, for appellee.

MADDOX, Justice.

Complainant, Olin F. Bonner, filed a bill to redeem thirty-seven acres of land after respondent, Mamie Gooden, foreclosed a vendor's lien on the property. The lower court ordered Gooden to execute all documents to convey title to Bonner. Respondent appeals.

The parties agreed on most of the facts. Gooden sold the property to Bonner in 1969 for $30,000. Bonner paid $8,000 down. Gooden executed a deed to Bonner reserving a vendor's lien which deed was duly recorded. Bonner was to pay $2,500 per year on the remaining indebtedness. Bonner made one payment in 1970. The vendor's lien was foreclosed in March, 1972.

At the time of foreclosure Bonner had leased the property to one J. E. Goforth. On March 25, 1972, Gooden notified tenant Goforth to vacate. When Goforth did not surrender possession, Gooden filed an action in the nature of an ejectment. The tenants vacated the premises September 25, 1972, six months after foreclosure.

On September 21, 1972, Gooden mailed a notice (by certified mail with return receipt requested) to Bonner to vacate the premises and deliver possession. The notice, addressed to 1300 Azalea Road, Mobile, was returned "addressee unknown." It appears that at the time notice was mailed, Bonner was separated from his wife and was temporarily living in Waynesboro, Mississippi. Bonner's wife continued to reside at 1300 Azalea Road. The record does not indicate if Gooden made any other attempt to notify Bonner.

The trial court found that Bonner had not received notice and had not waived his right to redeem. Gooden claims that the written demand to vacate sent to tenant Goforth, and admittedly received by him, was sufficient under our statute, Title 7 § 730, Code of Alabama, 1940, to constitute a waiver by Bonner. This section provides:

"Possession must be delivered on demand.—The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within ten days after written demand for the possession has been made by the purchaser, vendee or

his agent. If the land is in the possession of a tenant, written notice must be given to the debtor, unless he be a nonresident, and the debtor must direct the tenant to deliver possession, or recognize the purchaser as his landlord in the event the lease antedates the mortgage, decree or levy. If the debtor is a nonresident or cannot be found, notice to the tenant is sufficient and he must deliver possession within ten days. Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption."

The main thrust of Gooden's argument is that written demand to tenant Goforth to surrender possession and his failure to do so constituted a forfeiture of Bonner's redemption rights.

The prerequisite for imputed notice to the debtor is that he "cannot be found" or that he is a "non-resident." There was evidence that Bonner maintained a business at a known address in Mobile, though he was living in Mississippi; that he was a certified master electrician in Mobile; that he was a registered voter in Mobile; that he maintained savings and checking accounts of a business and personal nature with a Mobile bank and negotiated promissory notes with the bank during this period of time; that he held a 1972 motor vehicle registration in Mobile; and that he performed electrical contract work in Alabama during this time period.

The evidence in the record, therefore, amply supports a determination by the lower court that Gooden could have located Bonner. The parties stipulated—and the court so found—that Bonner was a "resident" of Alabama at the time of foreclosure.

Title 7 § 730, providing for the forfeiture of a debtor's right to redeem for failure to surrender possession within 10 days after foreclosure applies only to persons in possession. Goforth's failure to surrender possession did not, under the facts of this case, affect Bonner's right to redeem. Rudder v. Parton, 246 Ala. 55, 18 So.2d 705 (1944).

Redemption is authorized by statute. See Chapter 15 of Title 7 §§ 727–743. Such statutes are remedial and have been liberally construed. See Crawford v. Horton, 234 Ala. 439, 175 So. 310 (1937). And "* * * [w]hile their terms are not to be extended by implication beyond what the legislature has authorized or intended, the construction in any case of doubt or ambiguity should be in favor of the right to redeem. . . ." 59 C.J.S. Mortgages § 819, p. 1564.

It has also been said a waiver of a right to redeem should be clear and unequivocal. Hutchison v. Flowers, 175 Ala. 651, 57 So. 719 (1912).

The trial court found that Bonner received no written demand and concluded that he had a right to redeem. This finding made by the court, which is supported by evidence, is not palpably erroneous. We will not disturb it. Smith v. Dillard, 291 Ala. 96, 278 So.2d 358 (1973). The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.