The sole question presented by this appeal is whether the trial court erred in holding that the appellant had forfeited her right to redeem land under § 6-5-233, Ala. Code 1975. We hold that it did and reverse and remand.
H. Ray Cox, the original owner of the real estate involved in this litigation, executed a second mortgage on it to Jimmy Junkins, dated August 31, 1977. First Federal Savings and Loan Association held a first mortgage on the property.
Thereafter, a judgment in favor of First National Bank of Attalla, later known as First National Bank of Etowah County, against H. Ray Cox was entered, and the property was sold at a sheriff's sale to this bank. Mrs. Willie Cox, mother of Ray Cox, purchased the property from the bank for $25,000 and received a quit claim deed from the bank on September 20, 1979.
Since August of 1977, the property had been in the possession of a tenant, Tim Cox (Ray's son), on a month-to-month basis, who paid as rent the payments on the first mortgage to First Federal Savings and Loan *Page 498 
Association. After Mrs. Cox purchased the property from First National Bank of Etowah County in September of 1979, Tim Cox continued as her tenant. Mrs. Cox has never held actual possession of the property at any time.
Ray Cox defaulted on the second mortgage to Junkins, who subsequently foreclosed on December 12, 1980. Junkins purchased the property at the foreclosure sale, and a foreclosure deed was executed and recorded.
By letters dated December 29, 1980, and January 7, 1981, addressed to Mrs. Cox by Junkins's attorney, Junkins demanded possession and told Mrs. Cox "to direct any tenants or others in possession of said lands under your authority, to so deliver possession or to hereafter recognize my client as their landlord and to pay all rents due to him."
Mrs. Cox responded through her attorney by letter of January 5, 1981, advising that "Mrs. Cox is not in possession of the property" but that "Mrs. Cox, by delivery of a copy of this letter to her tenant, does direct her tenant to deliver possession of the property or to hereafter recognize Mr. Junkins as his landlord and to pay all rents due to him in the future." This letter also advised that rental on the property had been the payment of the First Federal Savings and Loan Association mortgage payments. Tim Cox received a copy of this letter and thereupon sent a letter to Junkins's attorney acknowledging that he was the tenant and that:
 "I do recognize Mr. Junkins as my landlord and do agree to pay the rental heretofore paid by me so long as I am in possession of the property, which rental consists of paying the monthly mortgage indebtedness payment on said real estate due each month to First Federal Savings Loan Association."
Thereafter, Junkins's attorney prepared and mailed letters to Tim Cox and Ray Cox asking that the premises be vacated, but these letters were returned. In. April, 1981, Junkins filed an ejectment action naming Ray Cox, Tim Cox, and Mrs. Cox as defendants. This action was settled by agreement, and Tim Cox moved from the property in October, 1981.
On December 11, 1981, Mrs. Cox attempted to exercise her right of redemption and tendered a cashier's check in the amount of $47,667.07 to Junkins's attorney. It was stipulated that this was the proper amount. Junkins refused to accept the money, taking the position that Mrs. Cox had forfeited her right of redemption because of Tim Cox's failure to surrender possession of the property in a timely manner. Mrs. Cox then brought this action for redemption under § 6-5-237, Ala. Code 1975.
It is conceded that Mrs. Cox has a right to redeem the property unless she has forfeited that right. Section 6-5-233 is the statute under which Junkins rests his claim that Mrs. Cox has forfeited her right to redeem. That section provides:
 "(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
 "(b) If the land is in the possession of a tenant, written notice must be given to the debtor, unless he is a nonresident, and the debtor must direct the tenant to deliver possession or recognize the purchaser as his landlord in the event the lease antedates the mortgage, judgment or levy. If the debtor is a nonresident or cannot be found, notice to the tenant is sufficient and he must deliver possession within 10 days.
 "(c) Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption."
We reiterate that Mrs. Cox was the vendee of a vendee at a judicial sale, First National Bank of Etowah County. She was not "the debtor" under the foregoing statute. Ray Cox was. Although she arguably is not subject to the statute at all, she directed the tenant to deliver possession or *Page 499 
to recognize Junkins as the landlord under subsection (b). Junkins, therefore, had the legal right to oust Tim Cox at any time thereafter. He has not shown that Mrs. Cox was in any way responsible for the delay in Tim Cox's surrendering possession of the premises.
In Gooden v. Bonner, 292 Ala. 415, 295 So.2d 402 (1974), this Court, speaking through Justice Maddox, held:
 "Title 7 § 730 [now § 6-5-233], providing for the forfeiture of a debtor's right to redeem for failure to surrender possession within 10 days after foreclosure applies only to persons in possession.
Goforth's [tenant] failure to surrender possession did not, under the facts of this case, affect Bonner's right to redeem. Rudder v. Parton, 246 Ala. 55, 18 So.2d 705 (1944).
 "Redemption is authorized by statute. . . . Such statutes are remedial and have been liberally construed. See Crawford v. Horton, 234 Ala. 439, 175 So. 310 (1937). And `* * * [w]hile their terms are not to be extended by implication beyond what the legislature has authorized or intended, the construction in any case of doubt or ambiguity should be in favor of the right to redeem. . . .' 59 C.J.S. Mortgages § 819, p. 1564.
 "It has also been said a waiver of a right to redeem should be clear and unequivocal. Hutchison v. Flowers, 175 Ala. 651, 57 So. 719 (1912)." (Emphasis added.)
292 Ala. at 417, 295 So.2d 402.
We think this case is dispositive of the issue before us. The tenant's delay in surrendering possession after having been commanded to do so by Mrs. Cox should not affect her statutory right to redeem the property.
The judgment of the trial court is reversed, and the cause is hereby remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.