YATES, Judge.
This is a statutory redemption case. James McGowan appeals from the circuit court’s determination that he is not entitled to redeem certain property pursuant to § 6-5-248, Ala.Code 1975. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The record reveals the following: In 1987, Patricia Clayton Knight and Keith Knight were divorced; the divorce judgment provided that Patricia was to remain in possession of the parties’ marital home until she remarried or until all of the parties’ minor children married, became self-supporting, or reached the age of 19, whichever occurred first. The home was then to be sold and the proceeds *1138 from the sale divided equally between the parties. The trial court stated, “The Court specifically retains jurisdiction regarding title to the home” and it ordered Keith to pay, as periodic alimony, each mortgage payment as it became due.
After Keith defaulted on the mortgage payments, the property was foreclosed and Patricia’s father, James Clayton, purchased and was assigned the mortgage securing the property. On June 3,1992, Clayton foreclosed on the mortgage and purchased the property for $16,669.34 at an auction. He then sent a written demand for possession to both Keith and Patricia; it is undisputed that neither delivered possession of the property to Clayton, as required by § 6-5-251, Ala. Code 1975. Patricia testified in a deposition that Clayton had told her that she could remain in the home. On September 29,1992, she purchased the property from Clayton.
On April 4, 1993, Keith assigned to James McGowan his statutory right to redeem the property. McGowan delivered letters to Patricia and Clayton on May 3, 1993, demanding a written statement of both the debt and all lawful charges for the purpose of redemption under § 6-5-252, Ala.Code 1975. Patricia and Clayton (hereinafter collectively referred to as “the Claytons”) did not respond to this demand. On May 28,1993, McGowan sued the Claytons, asking the court to, among other things, enforce his right to redeem the property. He tendered to the court $18,636.66, which represented the foreclosure deed consideration of $16,669.34 plus 12% interest. McGowan also filed a lis pen-dens notice covering the subject property, as required by § 6-5-252, Ala.Code 1975.
On July 20,1993, the Claytons moved for a summary judgment, which the trial court denied. McGowan moved for a summary judgment on April 11, 1994; the Claytons again moved for a summary judgment on April 4, 1995. On April 21, 1995, the trial court granted the Claytons’ motion and entered a judgment, stating:
“The Court had specifically retained jurisdiction of the real estate in question in regard to the original parties in the underlying divorce (Defendant, Patricia Clayton [Knight], and Keith Knight). This considered, the Court finds that Keith Knight did not possess the right to sell, transfer and/or assign his right of redemption to [McGowan] without the Court’s permission. Therefore, [McGowan] does not possess a valid assignment of Keith Knight’s right of redemption.
“Secondly, the parties acknowledge that Keith Knight received the statutory notice to surrender the property in question within ten (10) days or lose his right of redemption. Although Keith Knight was not in possession of said property, he undertook no action to remove Patricia Clayton [Knight] (the co-owner of the property) from said property to protect his right of redemption. By ‘sleeping on his rights’ equity would require that [Keith] Knight and/or his assignee’s relief should be denied. Keith Knight’s right of redemption had lapsed and, therefore, [McGowan] does not have a valid right of redemption.”
In response to the McGowan’s motion to amend, alter, or vacate, the trial court struck one paragraph of its order (unrelated to the issues on appeal), but otherwise upheld its ruling; McGowan appeals. On appeal, McGowan moved to strike the appellees’ brief. We denied the motion; however, while we did not strike that brief we note that we did not consider those arguments and exhibits in that brief that were based on evidence not contained in the record.
Alabama law regarding summary judgment is well established. Once the movant has made a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting “substantial evidence” that creates a genuine issue of material fact. “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Also, reasonable doubts concerning the existence of a material fact must be resolved in favor of the nonmoving party. Hanners v. *1139 Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
McGowan first argues that the trial court erred in holding that Keith did not possess the right to assign Ms statutory right of redemption after foreclosure, without the trial court’s permission.
In its divorce judgment, the trial court specifically retained jurisdiction over the legal title of the property, and, by extension, the property interests therein of Keith and Patricia. Among these interests was an eqmty of redemption over the property under the mortgage, as opposed to the statutory right of redemption after foreclosure. The difference between the two has been discussed by our supreme court in Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984):
“When real property m Alabama is mortgaged, the legal title passes to the mortgagee and the mortgagor retains the equity of redemption, wMch he may convey. First National Bank of Mobile v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981)_ A valid foreclosure sale of property subject to a mortgage extinguishes the eqmty of redemption; however ... a post-foreclosure right of redemption arises in the mortgagor or his vendee_ Unlike the equity of redemption, wMch exists prior to foreclosure and is deemed an interest in the property, the statutory right of redemption arises after foreclosure and is a mere personal privilege conferred by statute; it is not property or a property right.”
Id., 456 So.2d at 1052-53 (emphasis in original).
When James Clayton foreclosed and then purchased the property at auction, legal title to the property passed to him and the trial court lost jurisdiction over the property and interests therein. See § 35-10-5, Ala.Code 1975. In addition, the equity of redemption possessed by Keith and Patricia expired. It was at tMs point, after the trial court had lost jurisdiction over the property, that Keith’s statutory right of redemption arose under § 6-5-248, Ala.Code 1975. Accordingly, we hold that the trial court erred when it held that Keith was unable to assign
Ms statutory right of redemption without the court’s permission.
Having held that Keith did not need the court’s permission to assign his statutory right of redemption, assuming that he had that right, we must now consider whether he actually secured the right of redemption after foreclosure and then validly assigned it to McGowan. After reviewing the record and the applicable case law, we agree with the trial court that Keith forfeited Ms statutory right to redeem the property by failing to comply with § 6-5-251(a) after possession of the property was demanded of him; thus, Keith’s attempt to assign Ms right of redemption to McGowan was ineffective.
There is no question that after foreclosure, a debtor or mortgagor may transfer or assign his statutory right of redemption. See § 6-5-248(5), Ala.Code 1975. However, the mortgagor or debtor must first secure Ms or her statutory right of redemption before it may be transferred. Section 6-5-251, Ala. Code 1975, governs the steps a debtor or mortgagor must take, stating in part:
“(a) The possession of the land must be delivered to the purchaser or purchaser’s transferees by the debtor or mortgagor if in their possession or in the possession of anyone holding under them by privity of title, within 10 days after written demand for the possession has been made by, or on behalf of, the [purchaser] or purchaser’s transferees.
[[Image here]]
“(c) Failure of the debtor or mortgagor or anyone holding possession under him or her to comply with the provisions of tMs section forfeits the right of redemption of the debtor or one holding possession under the debtor.”
When James Clayton foreclosed and purchased the property, he sent a written demand for possession to both Keith and Patricia, as required by § 6-5-251, Ala.Code 1975. It is undisputed that neither Keith nor Patricia surrendered possession of the property, as required by the statute; Patricia testified that Clayton had informed her that “he’d handle it.” Because Keith did not surrender possession of the property as required, he *1140 forfeited his statutory right to redeem the property and, thus, his assignment to McGowan was ineffective. See Van Buren v. Dendy, 440 So.2d 1012 (Ala.1983).
In order to secure his statutory right of redemption after foreclosure, Keith was required to remove Patricia, his cotenant, from the property and to surrender possession of the property to Clayton. In Farley v. Nagle, 119 Ala. 622, 24 So. 567 (1898), the supreme court held that a debtor had forfeited his right of redemption as to his foreclosed property because he had not removed his coten-ant from the property at the time the demand was made for possession. The debtor in Farley argued that he should be excused from this requirement because he was not in actual possession of the property when the demand was made, but was living elsewhere, and that it was his cotenant who was physically occupying the property. The supreme court disagreed, stating:
“The possession of one cotenant is generally held to be for the benefit of all, and the sole possession by one does not constitute a disseisin of the other co-tenants, notwithstanding it may continue, even, for the statutory period of limitation. The possession of one is not usually deemed adverse, unless accompanied by circumstances indicating an expulsion or ouster of the other.”
Id., 119 Ala. at 624, 24 So. at 569.
McGowan argues that Keith was prevented from ousting Patricia, because, he says, 1) Keith had been “expelled” from the home under the terms of the divorce judgment and, 2) Patricia had been given permission by Clayton to remain in the marital home after the property had been foreclosed.
We are not persuaded by these arguments. First, the divorce judgment did not oust Keith from the marital home in such a way as to cause Patricia’s possession to be hostile or adverse as to Keith. The judgment provided that Patricia was to reside in the home for a certain period of time, after which the house was to be sold and the sale proceeds divided between the parties. Keith was a cotenant of the property, and his equity in the property increased with each payment he made on the note, even though he was not residing there. Thus, under Farley, supra, he had a duty to remove Patricia from the property after foreclosure in order to protect his statutory right of redemption.
Second, the fact that Clayton allowed Patricia to remain in the home did not operate to prevent Keith from demanding that she leave, in order to protect his statutory right of redemption. We note that if Keith had made such a demand, and Patricia had refused, a genuine issue of material fact might have been created as to whether Keith’s statutory right of redemption had been forfeited. However, the record reveals that Keith made no such demand; thus, as a matter of law, he clearly forfeited his right to redeem the property.
McGowan also argues that the provisions of § 6-5-251 apply only to those persons in actual possession of the property, citing Cox v. Junkins, 431 So.2d 497 (Ala.1983); Gooden v. Bonner, 292 Ala. 415, 295 So.2d 402 (1974); and Rudder v. Parton, 246 Ala. 55, 18 So.2d 705 (1944). We do not find those cases to be persuasive.
In Cox, the debtor executed two mortgages on his property. When the debtor defaulted on the first mortgage, the property was foreclosed and purchased by a vendee, who was the mother of the debtor. The debtor subsequently defaulted on the second mortgage, and the second mortgagee foreclosed and purchased the property. The vendee received a demand for possession from the second mortgagee and, in turn, demanded that a tenant who lived on the land deliver possession of the property. The supreme court held that the tenant’s tardiness in surrendering possession after the demand did not forfeit the vendee’s statutory right of redemption, noting that the vendee had promptly instructed the tenant to surrender possession and that the tenant’s tardiness was not the vendee’s fault. Cox, 431 So.2d at 499. Here, however, Keith made no demand to Patricia.
Gooden and Rudder concerned debtors who were not in actual possession of foreclosed land and who had never received a written demand to surrender possession. Because of these two facts, the supreme court held that the debtors’ rights of statutory redemption *1141 had not been forfeited as a result. It is undisputed that Keith did, in fact, receive a written demand for possession from Clayton.
Even considered in the light most favorable to McGowan, the evidence presents no genuine issue of material fact. The Clayton’s summary judgment is affirmed.
AFFIRMED.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in the result.